FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2001 OCT 30  P 4:29
AT BALTIMORE
CLERK'S OFFICE
_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN AND SHARON VICTORINE,     *
individually, and as parents and
natural guardians of KADY     *
VICTORINE, a minor
    *
        Plaintiffs
    *
    vs.                        CIVIL ACTION NO. MJG-00-2684
    *
CHRISTOPHER CHARLES CONNOLLY,
et al.     *
        Defendants
*    *    *    *    *    *    *    *    *

## MEMORANDUM AND ORDER

The Court has before it Defendant Meeker's Motion in Limine [re: Guilty Plea], Defendant Meeker's Motion in Limine [re: Settlement] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

On August 8, 1997, Defendant Jeffrey Meeker was driving a car in which Kady Victorine was a passenger. Meeker was heading northbound on Route 276 in Cecil County, Maryland and began a left turn on to Route 1. While Meeker's car was turning, it was struck by a vehicle driven by Defendant Christopher Connolly. Plaintiffs have sued for injuries sustained by Kady Victorine in the accident. It appears, at this stage, that the parties will be debating whether Meeker and/or Connolly was negligent.

A.   <u>Guilty Plea</u>

In regard to the accident, Meeker received a traffic citation for allegedly failing to yield making making a left hand turn. On October 16, 1997, Meeker appeared in the District Court for Cecil County, pleaded "guilty" to the charge and was sentenced to pay a $43 fine. Defendant Meeker seeks to exclude evidence of his "guilty" plea because, he says, he was "urged to" plead guilty by the police officer and did so to receive a lesser punishment.

The Court finds that Meeker's "guilty" plea is admissible in evidence pursuant to Rule 801(d)(2)(A) of the Federal Rules of Evidence. The evidence is clearly relevant to, albeit not determinative of, the question of whether Meeker was negligent in connection with the accident.

Defendant Meeker seeks exclusion of the evidence under Rule 403 of the Federal Rules of Evidence. Rule 403 provides that relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues .. . ." In the instant case, the probative value of the evidence of the statement by Meeker that he in fact failed to yield while making a left turn is not substantially outweighed by any <u>unfair</u> prejudice or confusion of the issues. To the extent the evidence is prejudicial, it is

2

appropriately prejudicial. Defendant Meeker may, of course, explain his "guilty" plea to the jury; that is, as a result of "urging" from the police officer. The jury may, or may not, accept this explanation. Moreover, even if the jury finds as a fact that Meeker failed to yield, it may nevertheless find that Defendant Connolly was negligent and proximately caused the accident.

### B.  The Settlement

After the accident, Connolly asserted a claim against Meeker which was settled. By the instant motion, Meeker seeks to exclude from this case any reference to the settlement and resultant release under Rule 408 of the Federal Rules of Evidence.

The basic problem with the Motion is that it is made without reference to any particular use that Defendant Connolly (or perhaps even Plaintiffs) may wish to make of evidence relating to the settlement. It appears most unlikely that evidence pertaining to the settlement would be admissible in regard to questions of fault for the accident. On the other hand, it is at least conceivable that evidence relating to the settlement may be relevant and admissible in regard to other issues -- for example, whether there is an impediment to Meeker's pursing a cross claim

against Connolly in the instant case.

In sum, the Court will not now exclude from the case any evidence relating to the settlement between Meeker and Connolly. The Court is by no means, however, ruling that such evidence would in fact be admissible at trial. The matter can be revisited at a later stage of the case in specific context.

C. Conclusion

For the foregoing reasons:

1. Defendant Meeker's Motion in Limine [re: Guilty Plea] is DENIED.

2. Defendant Meeker's Motion in Limine [re: Settlement] is DENIED.

SO ORDERED this 29th day of October, 2001.

                                Marvin J. Garbis
                            United States District Judge